# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SUSAN HERING, on her behalf and as the representative of her beneficiary daughter and on behalf of all others similarly situated,**

        Plaintiff,

v.                          Case No: 6:19-cv-1727-Orl-RBD-DCI

**NEW DIRECTIONS BEHAVIORAL HEALTH, L.L.C., and BLUE CROSS BLUE SHIELD OF FLORIDA, INC.,**

        Defendants.

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT BLUE CROSS BLUE SHIELD OF FLORIDA, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT (Doc. 64).** |
| **MOTION:** | **DEFENDANT NEW DIRECTIONS BEHAVIORAL HEALTH'S MOTION FOR JOINDER WITH BLUE CROSS BLUE SHIELD OF FLORIDA'S MOTION TO DISMISS (Doc. 65)** |
| **FILED:** | **January 13, 2020** |

**THEREON** it is **RECOMMENDED** that the Motion to Dismiss (Doc. 64) be **Granted in part and Denied in part** and the Motion for Joinder (Doc. 65) be **Granted**.

### I.     Procedural Background

On December 16, 2019, Susan Hering (Plaintiff), on behalf of her daughter and all others similarly situated, filed a First Amended Complaint against Blue Cross Blue Shield of Florida, Inc. (Blue Cross) and New Directions Behavioral Health, L.L.C. (New Directions) under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq* (ERISA).  Doc. 55.  Pending before the Court is Blue Cross' Motion to Dismiss, through which Blue Cross seeks to dismiss in part the Amended Complaint.  Doc. 64.  New Directions seeks to join the Motion to Dismiss.  Doc. 65.  Plaintiff filed a Response in opposition to the Motion to Dismiss (Doc. 66) and Defendants filed a Reply.  Doc. 69.  Defendants also filed a Notice of Supplemental Authority (Doc. 71), and Plaintiff filed a Response (Doc. 72) to the Notice of Supplemental Authority.

Plaintiff did not file a response to New Directions' Motion for Joinder and, therefore, the request for relief is unopposed.[1]  The undersigned recommends that New Directions be permitted to join in Blue Cross' Motion to Dismiss.[2]

### II.     Plaintiff's Allegations

Plaintiff alleges that Blue Cross issues and administers welfare benefit plans and contracts with employers to provide group health insurance to employees through "full-insured" plans.  Doc. 55 at 1.  Blue Cross also serves as the benefit administrator for "self-funded" plans offered and funded by employers.  *Id*.  Plaintiff claims that she and her family, including her daughter, are insured under a Blue Cross group health insurance policy (the Plan) obtained through her employer

---

[1] In Plaintiff's opposition to the Motion to Dismiss, she recognizes that New Directions has joined in all Blue Cross' arguments.  Doc. 66 n.1. While Plaintiff opposes the Motion to Dismiss, she does not include her position regarding the request for joinder.  *See* Doc. 66.

[2] The undersigned notes that New Directions states that it accepts that at the pleading stage the allegations are taken as true but preserves its position for briefing at a later stage that it is a non-fiduciary administrative service provider.  Doc. 65 1-2.

which is governed by ERISA. *Id*. at 1, 3. The Plan requires that "covered services be 'medically necessary,' which in turn requires the services to be consistent with 'generally accepted standards of medical practice.'" *Id*. at 1. Plaintiff alleges that Blue Cross subcontracts the administration of behavioral health benefits under Blue Cross plans to New Directions and, by agreeing to administer Blue Cross' behavioral health benefits, New Directions became an ERISA fiduciary. *Id*. at 2. Plaintiff claims that New Directions exercised discretion to interpret the plans' definitions of "generally accepted standards of medical practice, determine what standards to apply to requests for benefits in order to decide whether they met that definition and encapsulate its interpretation in its medical necessity criteria," and "used the standards it created to administer requests for coverage and make benefit determinations." *Id*. Plaintiff states that Blue Cross maintains a "fiduciary duty to assure itself that New Directions is fulfilling its fiduciary obligations and properly administering the plans," including the duty to "verify that New Directions' Medical Necessity Criteria are consistent with the relevant plan terms and that New Directions faithfully applies those criteria to adjudicate claims." *Id*.

Plaintiff contends that her daughter, as the Plan beneficiary, sought coverage for residential treatment for an eating disorder but New Directions applied its Medical Necessity Criteria "repeatedly" to deny her coverage. *Id*. at 3. Plaintiff alleges that New Directions systematically applies the same criteria to behavioral health claims even though the criteria are not consistent with generally accepted standards of medical practice for treatment of behavioral health disorders. *Id*. Plaintiff claims that "by developing, adopting, and applying the New Directions Medical Necessity Criteria to justify denying medically necessary covered medical treatments to their plan members and beneficiaries, Defendants were not operating 'solely in the interests of the participants and beneficiaries,' otherwise breached their fiduciary duties to their plan members and

beneficiaries, and violated the underlying terms of the [Blue Cross] plans, thereby violating ERISA." *Id*. at 4.

Based on the foregoing, Plaintiff, both individually and on behalf of others similarly situated, brings four counts in the Amended Complaint for the denial of benefits and other equitable relief:

- Count I – breach of fiduciary duties brought pursuant to 29 U.S.C. § 1132(a)(1)(B);
- Count II – improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B));
- Count III – equitable claim for relief under 29 U.S.C. § 1132(a)(3)(A); and
- Count IV – equitable claim under 29 U.S.C. § 1132(a)(1)(B).

Doc. 55.

### III.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Counts I, III, and IV of the Amended Complaint in their entirety and Count II in part.  Doc. 64.  In considering a motion to dismiss, a court must view the challenged complaint in the light most favorable to the party asserting the claim. *See, e.g.*, *Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).  Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The court is limited in its consideration to the pleadings and any exhibits attached to those pleadings.  Fed.R.Civ.P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## IV.     Analysis

### A.     Count I – Breach of Fiduciary Duties

Defendants argue that Count I fails to state a claim because Plaintiff: attempts to assert an ERISA breach of fiduciary duty claim that is not based on the denial of plan benefits; bases the claim on the development of criteria, which Defendants assert is not a fiduciary act; and improperly tries to create a duty that is not a part of the Plan. Doc. 64 at 14.[3] Defendants' briefing in the Motion to Dismiss has not convinced the undersigned that dismissal is warranted under Rule 12(b)(6).[4]

Count I, along with Count II, is brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Doc. 55 at 22-24. Under § 1132, a plan participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges in Count I that Defendants are ERISA fiduciaries and violated their duties by "developing and adopting the restrictive New Directions Medical Necessity Criteria for residential treatment despite the fact that the Plan provides coverage for such treatment consistent with generally accepted standards of medical practice." Doc. 55 at 22-23. Plaintiff alleges that Defendants developed and adopted clinical coverage guidelines that are far more restrictive than those that are generally accepted. *Id*. at 23. Plaintiff claims that she was harmed because she and class members were subjected to the more restrictive clinical coverage guidelines making it less likely that

---

[3] Defendants appear to concede that for purposes of the Motion to Dismiss that they are both fiduciaries under the Plan. *See* Docs. 64, 65.

[4] Defendants also argue that Count I is due to be dismissed to the extent Plaintiff seeks to represent beneficiaries of self-insured plans for which Blue Cross serves only as a third-party administrator. That argument is discussed separately in section IV, B of this Report.

Defendants would determine that the claims were covered. *Id*. Accordingly, Plaintiff claims that Defendants breached their fiduciary duties. *Id*.

The threshold question when determining whether there was a breach of a fiduciary duty is whether the defendant is a "fiduciary." *Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000). "The question whether a party is an ERISA fiduciary is a mixed question of law and fact." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). "The term 'fiduciary' has a broader meaning under ERISA than at common law because ERISA defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan." *Hunt v. Hawthorne Assocs. Inc.*, 119 F.3d 888, 892 n.2 (11th Cir. 1997) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) (internal quotations omitted). ERISA provides the statutory definition of a "fiduciary":

> [A] person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A); *see Chapman v. Klemick*, 3 F.3d 1508, 1509-10 (11th Cir. 1993).

Here, Defendants state that "Plaintiff asks the Court to manufacture an independent fiduciary obligation that impermissibly separates the development of medical necessity criteria (not a fiduciary act) from Defendants' application of the criteria in connection with Plaintiff's specific claims for benefits under her Plan (a fiduciary act)." *Id*. at 8. Defendants assert that under § 1132(a)(1)(B), Plaintiff is permitted to challenge directly the coverage determination and denial of benefits, as she does in Count II, but she cannot challenge the "Medical Necessity Criteria" and

- 6 -

the development process for that criteria because Defendants were not acting in a fiduciary capacity in that regard. *Id*.

Further, Defendants assert that the "act that Plaintiff contends gives rise to the purported breach is not, as a matter of law, a fiduciary duty within the meaning of ERISA." *Id*. at 15. While Count I is a breach of fiduciary duty claim, Defendants provide that fiduciary duties only attach to fiduciary acts such as the administration of claims and not the business activity of creating criteria, and only to the extent a defendant exercises discretionary authority. *Id*, citing 29 U.S.C. § 1002(21)(A). Defendants contend that, by the specific language of § 1132(a)(1)(B), the cause of action is anchored to the "terms of the plan" and there is nothing in the scheme that supports a breach that is distinct from a claim for benefits. *Id*. at 17. Defendants argue that not every action Blue Cross took impacting the plans it administers is a fiduciary function, duties do not attach to discretionary business decisions "that are generally applicable to the alleged fiduciary's business and multiple plans," and the language of the Plan at issue "makes clear that medical necessity determinations and use of 'coverage and payment guidelines then in effect' are 'solely for the purpose[s] of determining coverage or benefits' for the specific 'service provided or proposed.'" *Id*. at 18-20. Defendants claim that the Amended Complaint attempts to create a duty that is "divorced from the express provisions of Plaintiff's Plan" and "does not allege a [breach] that is sufficiently connected to the administration of Plaintiff's Plan." *Id*. at 21. Defendants state that the Plan has a certain definition of generally accepted standards which governs, and which Plaintiff's Amended Complaint largely ignores. *Id*. at 22-23.

Plaintiff, on the other hand, argues that she plausibly alleges that Defendants breached their fiduciary duties by creating and adopting coverage criteria that contradict the terms of the Plan. Doc. 66 at 10. Plaintiff claims that there is nothing in ERISA's statutory text or case law that

supports Defendants' argument that she cannot state a separate cause of action. *Id*. at 11. Plaintiff asserts that Defendants are "wrong when they contend that because ERISA defines fiduciary status in relation to 'a plan,' the statute exempts them from their fiduciary duties whenever their actions relate to multiple plans and considers such actions to be nothing more than a 'business activity.'" *Id*. at 12. Plaintiff relies on the statute to argue that fiduciary duties broadly attach to any action that "evinces discretionary authority or control over any aspect of plan administration, and "deciding what plan terms mean plainly satisfies this definition." *Id*., citing 29 U.S.C. § 1002(21)(A).

Plaintiff also argues that "interpreting ambiguous plan terms at issue here more than plausibly required Defendants to exercise discretion and judgment." *Id*. at 13. Without citation to legal authority in this Circuit, Plaintiff offers that courts routinely allow ERISA plaintiffs to bring breach claims challenging the standards or criteria used by a third-party administrator of multiple plans. *Id*. at 15. Plaintiff also claims that, contrary to Defendants' argument, the language of the Plan does not limit Defendants' fiduciary duties and it is not reasonable to interpret the scope of their duties in this regard. *Id*. at 15 n. 9. Plaintiff adds that "[t]he fact that Defendants disagree with Plaintiff's articulation of the generally accepted standards of care. . . does not mean that Plaintiff's claim is 'divorced from' her Plan's terms; it just means there is a factual dispute." *Id*. at 17.

While both parties' arguments are well-taken, the undersigned recommends that Plaintiff proceed with the breach of fiduciary duty claim in Count I. It should be noted that neither party provides the Court controlling legal authority that decides the issue. Instead, Defendants reference the general language found in ERISA, decisions of the Eleventh Circuit and Supreme Court regarding fiduciary duties and functions, and cases from other circuits regarding "non-fiduciary

business dealings." Doc. 64 at 16-18, citing *Deluca v. Blue Cross Blue Shield of Mich.*, 628 F.3d 743, 747 (6th Cir. 2010); *see also* Doc. 64 at 19 n. 10. That said, Defendants did file supplemental authority notifying the Court that the District of Massachusetts recently ruled on a similar motion to dismiss in *Weismann v. United States Ins. Co. et. al.*, no. 1:19-cv-10580-ADB (D. Mass. Mar. 25, 2020). There, the plaintiff was denied coverage for proton beam therapy treatment based on United Healthcare's interpretation of the plan's exclusion for experimental treatments as set forth in a policy that was promulgated by United Healthcare and intended to provide guidance as to the interpretation of the exclusion as applied to requests for this type of therapy. Doc. 71-1 at 12. The court stated that "initial decisions regarding the setup of a plan are not fiduciary acts giving rise to ERISA liability." *Id*. at 11, citing *Stein v. Smith*, 270 F. Supp. 2d 157, 165 (D. Mass 2003). Thus, the court prevented the plaintiff in *Weismann* from bringing a claim challenging the establishment of the plan itself; the court found that the decisions about the contents of the plan are not fiduciary acts. *Id*. at 12.[5]

Plaintiff relies on her own non-binding authority that would appear to support the opposite conclusion: *Wit v. United Behavioral Health*, 2019 WL 1033730 (N.D. Cal. Mar. 5, 2019). There, following a bench trial, the court explained that the "plaintiff's plans delegated discretionary authority to UBH to interpret and apply plan terms, and UBH exercises that authority when it makes coverage determinations and more broadly, when it adopts guidelines to standardize its coverage determinations and to ensure that those determinations are consistent with generally accepted standards of care." *Id*. at *51. Notably, the court had previously denied a Rule 12(b)(6)

---

[5] Plaintiff has filed a response to the supplemental authority arguing that Defendants have overread *Weismann* because it does not address the current issue of whether "developing and adopting coverage criteria *interpreting* plan terms constitutes a fiduciary act." Doc. 72 at 1-2 (emphasis in the original).

motion to dismiss that was premised upon the argument that the complaint failed to state a claim because ERISA does not permit the plaintiffs to assert a claim for breach of fiduciary duty under § 1132(a)(1)(B) that is distinct from an actual claim for benefits. *Wit v. United Behavioral Health*, 2014 WL 6626894, at *9-10 (N.D. Cal. Nov. 20, 2014). In opposing that motion to dismiss, the plaintiffs, relying on *Varity*, 516 U.S. at 512, argued that they could state a separate claim based on overly restrictive coverage guidelines because § 1132(a)(1)(B) expressly permits a claimant to sue to recover benefits due under the terms of the plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits under the terms of the plan. *Id*. at *6. The plaintiffs asserted that even if they were harmed by the denial of the claims, that denial does not mean that a separate claim for breach of fiduciary duty challenging the guidelines used by United Behavioral Health cannot be asserted. *Id*. As here, the defendants argued that this breach of fiduciary duty claim fails because it is not "tethered to any specific denial of benefits." *Id*. at *10. The court rejected this argument and denied the request for dismissal "in light of the fact-intensive nature of plaintiffs' claims." *Id*.

It is axiomatic that the movant carries the burden of establishing that dismissal is appropriate under Rule 12(b)(6) and that "[a] motion to dismiss is granted only when the movant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). Here, Defendants simply failed to carry that burden. Defendants provided no binding legal authority that squarely forecloses the type of claim presented in Count I. Further, the undersigned tends to agree with the *Wit* court, at least to the extent that it found that dismissal was not appropriate given the "fact-intensive nature of plaintiffs' claims." Similarly, here, the crux of Count I seems to be a mixed question of fact and law, the claim is fact-intensive in nature, and

relevant facts are disputed. It might be that Count I is subject to dismissal through a later dispositive motion, but, in the Motion to Dismiss, Defendants have not carried their burden to demonstrate beyond doubt that Plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

### B. Counts I and II – Breach and Improper Denial of Benefits for Self-Funded Plans

In the Amended Complaint, Plaintiff alleges that Blue Cross contracts with employers to provide group health insurance to employees and family members through "fully-insured plans," and serves as the benefit administrator for "self-funded plans" that employers offer and fund. Doc. 55 at 1, ¶ 1. Plaintiff asserts that her coverage is through a Blue Cross Plan that was obtained through her employer. *Id*. at ¶ 3. As such, Plaintiff's Plan is a "fully-insured plan."

Defendants argue that to the extent that Counts I and II are based on coverage owed under self-funded plans for which Blue Cross functions only as a third-party administrator, the claims are due to be dismissed because the Amended Complaint contains no factual allegations regarding the terms and administration of any particular self-funded plan. Doc. 64 at 8.

In response, Plaintiff states that she asserts no "individual claim against Defendants that relate[s] to any plan (self-funded or otherwise) other than her Plan." Doc. 66 at 26. Accordingly, she admits that "she has no claims against self-funded plans to dismiss." Doc. 66 at 26. Indeed, there is no mention in the Amended Complaint that Plaintiff seeks to bring her *individual* claims based on coverage under a self-funded plan. Being that Plaintiff makes this concession, it appears that Defendants' request for dismissal is moot to the limited extent it applies to Plaintiff's individual claims outside of her Plan.

However, the Court is still left with Defendants' argument that the portions of the Amended Complaint where Plaintiff seeks to represent class participants and beneficiaries of self-funded

plans for which Blue Cross acts as a third-party administrator are due to be dismissed for failure to state a claim. Doc. 64 at 24.

In the Amended Complaint, Plaintiff alleges that the policies and practices that Defendants followed with respect to her daughter's requests for coverage are the same as those that have been applied to other similarly situated insureds seeking behavioral health treatment coverage under their health plans. Doc. 55 at 20, ¶ 78. Plaintiff states that pursuant to Federal Rule of Civil Procedure 23, she brings her claims against Defendants on behalf of a putative class of similarly situated individuals defined as follows:

> Any member of a health benefit plan issued and/or administered by [Blue Cross] and governed by ERISA whose request for coverage of residential treatment for behavioral health disorders was denied initially or on appeal by New Directions, in whole or in part, within the applicable statute of limitations based on the New Directions Medical Necessity Criteria for Residential Treatment of psychiatric or eating disorders.

*Id.* at 20-21, ¶79. The Amended Complaint includes a request for the Court to "certify[ ] the class and their claims, as set forth in this Complaint, for class treatment." Doc. 55 at 25. Plaintiff apparently agrees in her Response that the putative class would include beneficiaries of self-funded plans. Doc. 66 at 26.

Defendants argue that "the Amended Complaint fails to reference plan language from any self-funded plans and thus cannot plausibly allege that [Blue Cross] was delegated discretionary authority in plan management for self-funded plans," nor does it allege facts sufficient to show that Blue Cross actually exercised discretion as to self-funded plans. Doc. 64 at 25. Accordingly, Defendants request that the Court dismiss any claims in Counts I and II that Plaintiff purports to bring on behalf of participants and beneficiaries of self-funded plans for which Blue Cross acts as a third-party administrator. *Id.* at 25-26. In the Reply, Defendants clarify that they do not address

Plaintiff's status as a class representative but instead argue that the lack of factual allegations as to any self-funded plans is appropriately resolved at the motion to dismiss stage. Doc. 69 at 6.

Defendants' position has the force of logic, but at this juncture the undersigned agrees with Plaintiff that the issue is more appropriately dealt with after discovery when Plaintiff files her motion for class certification under Rule 23. The undersigned has reached that conclusion because the Amended Complaint includes allegations that Defendants are benefits administrators who exercised discretionary authority to adopt and apply the Medical Necessity Criteria as their interpretation of *all* plans, including self-funded plans that Blue Cross administers. Doc. 55 at 2, ¶ 8.[6] While the undersigned has concerns regarding Plaintiff's ability to represent beneficiaries of a plan that does not actually provide for her coverage, it does seem that the Court should make that determination upon review of a motion to certify class or other dispositive motion.

### C. Counts III and IV – Equitable Relief

Count II of the Amended Complaint is brought pursuant to 29 U.S.C. § 1132(a)(1)(B) for the denial of benefits—Plaintiff alternatively seeks equitable relief in Counts III and IV under 29 U.S.C. §§ 1132(a)(3)(A) and (a)(3)(B), respectively. Defendants assert that Counts III and IV are due to be dismissed because they are "nothing more than repackaged denial-of-benefits claims." Doc. 64 at 26. Defendants argue that since Plaintiff's claims are all based on the denial of benefits, she has no claim under § 1132(a)(3). The undersigned agrees with Defendants' argument.

---

[6] *See also*, Doc 55 at 9, ¶¶ 32-37, providing the Plan language and alleging that all Blue Cross plans that New Directions administers contain identical definitions of medical necessity and generally accepted standard of medical practice, and that Blue Cross had a fiduciary duty when creating and adopting the coverage guidelines for making medical necessity determinations to ensure that the guidelines' criteria were consistent with generally accepted standards of medical practices as defined in the plans.

In the Eleventh Circuit, an ERISA plaintiff who has an adequate remedy under § 1132(a)(1)(B) cannot alternatively plead and proceed under § 1132(a)(3). *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (citing *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir. 1999)).[7] As the Supreme Court stated, § 1132(a)(3) is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

Even so, a plaintiff can plead an equitable claim as an alternative when § 1132(a)(1)(B) does not provide an adequate remedy. *Gilmore v. Am. Basketball Ass'n Players' Ret. Plan*, 2015 U.S. Dist. LEXIS 189644, at *25 (M.D. Fla. Nov. 19, 2015) (citing *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1071-74 (11th Cir. 2004)). In *Gilmore*, the Court found that the alternatively pled equitable claim, "[did] not assume that plaintiff is not entitled to benefits under the terms of the ABA Plan…[and] effectively rests upon the allegation that defendants breached their fiduciary duties by refusing, based on self-interest, to pay plaintiff the benefits to which he is entitled to under the terms of the ABA plan." 2018 U.S. Dist. LEXIS, at 26. The court in *Gilmore* dismissed the equitable claim because section 1132(a)(1)(B) provided an adequate remedy "for the essential allegation of count II by enabling plaintiff 'to recover benefits due to him under the plan.'" *Id*. (citing *Katz*, 197 F.3d at 1089).

---

[7] Plaintiff argues that *Katz* is irrelevant because it addresses "duplicative recoveries, not the rules of ERISA pleading." Doc. 66 at 19. Plaintiff argues that *Katz*, along with *Varity*, precluded a double recovery but did not preclude a plaintiff from seeking relief under both sections at the pleading stage. *Id*. Actually, as the Court of Appeals discussed earlier in the opinion, the district court dismissed three claims brought pursuant to section (a)(3) without examining the merits of the claims because, under *Varity*, it concluded that an ERISA plaintiff with an adequate remedy under section (a)(1)(B) cannot alternatively plead and proceed under section (a)(3). *Katz*, 197 F.3d at 1083-84.

Here, Plaintiff argues that Counts III and IV in the Amended Complaint "plausibly plead claims" under § 1132(a)(3). Doc. 66 at 18. Plaintiff states that she only seeks remedies under Counts III and IV to the extent she cannot be fully and adequately remedied under § 1132(a)(1)(B) and "Defendants' speculation that Plaintiff's claims may be adequately remedied under section (a)(1)(B), therefore, are no more than guesses at this nascent stage of the case and cannot justify Rule 12 dismissal." Doc. 66 at 18. Plaintiff states that "[§] 1132(a)(3) may provide the legal authority to remedy that injury if § (a)(1)(B) does not." *Id.*

As explained, Plaintiff is correct that under *Katz* she can plead in the alternative when § 1132(a)(1)(B) does not provide an adequate remedy. But Plaintiff is incorrect if she is arguing that her § 1132(a)(1)(B) claim might be inadequate or unavailable merely because there is a chance that it will fail in the future. This argument does not seem to take into consideration that an ERISA plaintiff cannot state a valid claim for equitable relief when § 1132(a)(1)(B) affords an adequate remedy, even if the § 1132(a)(1)(B) claim is subsequently lost on the merits. *Ogden*, 348 F.3d at 1287 (citing *Katz*, 197 F.3d at 1089). According to *Katz*, the availability of relief under § 1132(a)(3) is not dependent upon the success or failure of the section § 1132(a)(1)(B) claim because "the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." *Katz*, 197 F.3d at 1089. "The Eleventh Circuit has stated 'the relevant concern' in considering whether a [§ 1132](a)(3) claim is available is 'whether the plaintiffs also ha[ve] a cause of action, *based on the same allegations*, under [§ 1132](a)(1)(B) or ERISA's other more specific remedial provisions." *Gilmore*, 2015 U.S. Dist. LEXIS at *25, citing Jones, 370 F.3d at 1073 (emphasis added).[8]

---

[8] In *Jones*, plaintiffs pled a § 1132(a)(1)(B) claim on the basis that the language of the benefit plan entitled them to certain benefits. Under § 1132(a)(3), they also pled in the alternative that the plan administrators breached their fiduciary duties by engaging in a systematic pattern of

Here, in support of her equitable claims, Plaintiff argues that she has alleged facts that make it plausible that Defendants' breached their fiduciary duties to her daughter prior to, and independent from, the adjudication of her claim for benefits. Doc. 66 at 20, citing to ¶¶ 41, 73-76, 88-95. Yet Defendants argue—and the undersigned agrees—that Counts III and IV are not different from Count II because Plaintiff does not allege a separate ERISA violation.[9] Unlike *Jones*, Counts III and IV in the Amended Complaint brought pursuant to § 1132(a)(3) do not "assume" no remedy is available under § 1132(a)(1)(B)—instead, these counts are based on the same allegations offered to support Count II. This conclusion (i.e. that the allegations underlying the counts are the same) is compelled by Plaintiff's use of an impermissible, shotgun-style pleading that "incorporates by reference" all of the paragraphs offered as the factual basis for all claims. *See* Doc. 55 at 24-25.[10] In addition, a review of the paragraphs in the Amended Complaint that

---

misrepresentation that caused the plaintiffs to believe that they would be entitled to benefits. *Id.* at 1070-71. The latter claim assumed that the plan supported the administrator's interpretation and precluded their benefits claim under § 1132(a)(1)(B). Because the § 1132(a)(3) claim assumed that no remedy was available under § 1132(a)(1)(B), the Eleventh Circuit reversed the district court's dismissal of the claim. *Id.* at 1074.

[9] The undersigned notes that Plaintiff contends that Defendants' argument does not apply to Count III because that claim is brought under § 1132(a)(3)(A), while Count IV is based on § 1132(a)(3)(B), the section at issue in *Varity*. Doc. 66 at 21-22. The undersigned agrees with Defendants' position that the courts disallow duplicative ERISA claims under § 1132(a)(3) without distinguishing between its subsections.

[10] There are four basic categories of shotgun pleadings: 1) those in which "each count adopts the allegations of all preceding counts;" 2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" 3) those that do not separate each cause of action or claim for relief into a different count; and 4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiff cites as support for her request for equitable relief appear to be based on allegations supporting the denial of the benefits claim.[11]  As such, the undersigned recommends that Counts III and IV cannot be pled in the alternative.

### D. Surcharge or Disgorgement

Defendants argue that the Amended Complaint fails to state a claim for surcharge or disgorgement.  Doc. 64 at 29-30.  The only mention of "surcharge" is in the "request for relief" section of the Amended Complaint.  Doc. 55 at 25-26.  Plaintiff requests that the Court "[g]rant such other and further relief as is just and proper, including but not limited to awarding a surcharge disgorging Defendants' unjust gain from its wrongful conduct and removal of New Directions as fiduciary as a result of its pattern of conduct in violation of its fiduciary duties under ERISA."  *Id*. at 26.

The remedy of surcharge provides an ERISA beneficiary with monetary compensation for a loss resulting from a fiduciary's breach of duty or to prevent the fiduciary's unjust enrichment. *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011).  Surcharge is an available remedy for equitable relief under 29 U.S.C. § 1132(a)(3).  *Urscheler v. Adventist Health Sys. Sunbelt Healthcare*, 2016 U.S. Dist. LEXIS, at *4-5 (M.D. Fla. Jul. 7, 2016) (citing *CIGNA Corp. v. Amara*, 563 U.S. at 440-43).

As discussed, the undersigned recommends dismissal of Counts III and IV, which were brought pursuant to § 1132(a)(3).  If the Court agrees with that recommendation – resulting in no claim remaining under that subsection – then the request for surcharge disgorging Defendants of an unjust gain should also be dismissed because Plaintiff's injuries are adequately remedied under § 1132(a)(1)(B).  The undersigned notes that it does not appear that Plaintiff attempts to bring her

---

[11] *See* Doc. 55 at ¶¶ 41, 73-76, 88-95.

request for surcharge or disgorgement in relation to her claims brought under § 1132(a)(1)(B).[12] Even if she did raise this argument, there is no plan attached to the Complaint and no allegation identifying any part of the plan that provides for disgorgement of "unjust gain" or profits, and the parties have not provided any authority that would allow for such relief under that subsection. *See Howard v. Hartford Life & Accident Ins. Co.*, 765 F. Supp. 2d 1341, 1346 (M.D. Fla. 2011) (finding that the plaintiff could not pursue the claim for disgorgement under § 1132(a)(1)(B) because the court was not aware of any authority that would allow her to seek that relief and equitable distribution of profits under that subsection where the plan did not provide for such an award).

## V.  Conclusion

Accordingly, it is **RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. 64) be **GRANTED in part** to the extent that Counts III and IV be dismissed along with Plaintiff's request for surcharge or disgorgement. The undersigned recommends that the remainder of the Motion be **DENIED**; and

2. New Directions' Motion for Joinder (Doc. 65) be **GRANTED**.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[12] Citing *Amara*, Plaintiff asserts that surcharge is a form of relief available under § 1132(a)(3). Doc. 66 at 23.

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 28, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy