UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN HERING,

    Plaintiff,

v.                                        Case No. 6:19-cv-1727-Orl-37DCI

NEW DIRECTIONS BEHAVIORAL
HEALTH, L.L.C.; and BLUE CROSS
BLUE SHIELD OF FLORIDA, INC.,

    Defendants.

## ORDER

Defendant Blue Cross Blue Shield of Florida, Inc. ("**Blue Cross**") moves to dismiss Plaintiff's amended complaint (Doc. 55 ("**Complaint**")). (Doc. 64 ("**MTD**").) Defendant New Directions Behavioral Health, L.L.C. ("**New Directions**") moves to join the MTD. (Doc. 65 ("**Joinder Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick recommends granting the Joinder Motion and granting the MTD in part. (Doc. 73 ("**R&R**").) Plaintiff objects to the R&R in part. (Doc. 75 ("**Objection**").) Defendants responded. (Doc. 79.) On review, the Court adopts the R&R in its entirety.

### I.    BACKGROUND[1]

Plaintiff's daughter (pseudonym, "**Jane**"), now twenty-years-old, has suffered from anorexia nervosa since she was a pre-teen. (Doc. 55, ¶¶ 9, 10.) Anorexia nervosa is

---

[1] The facts in the Complaint (Doc. 55) are taken as true and construed in the light most favorable to Plaintiffs. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

one of the most lethal psychiatric conditions. (*Id.* ¶ 9.) Plaintiff and her family are insured with Blue Cross, which subcontracts the administration of its plans' behavioral health benefits to New Directions. (*Id.* ¶¶ 2, 5.) New Directions has repeatedly denied coverage of residential treatment for Jane's anorexia nervosa, claiming it's not medically necessary. (*Id.* ¶ 10.)

So Plaintiff, on behalf of her daughter and others similarly situated, sued Defendants for breach of fiduciary duties and improper denial of benefits under 29 U.S.C. § 1332(a)(1)(B). (*Id.* ¶¶ 88–100.) And to the extent equitable relief is unavailable under § 1332(a)(1)(B), Plaintiff seeks equitable relief under 29 U.S.C. §§ 1332(a)(3)(A) and 1332(a)(3)(B). (*Id.* ¶¶ 101–08.) Blue Cross moved to dismiss the Complaint for failure to state a claim (Doc. 64) and New Directions moved to join the MTD (Doc. 65). Magistrate Judge Irick recommends granting the unopposed Joinder Motion and granting the MTD in part—only dismissing Plaintiff's claims for equitable relief under 29 U.S.C. § 1332(a)(3) and relief of surcharge. (Doc. 73.) Plaintiff objects to the R&R's dismissal recommendation. (Doc. 75.) With Defendants' response (Doc. 79), the matter is ripe.

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* When the parties do not object, the Court examines the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016);

*see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

### III.   ANALYSIS

The Court finds no clear error in the portions of the R&R without objections and will not dismiss Plaintiff's § 1132(a)(1)(B) claims. (*See* Doc. 73, pp. 5–13.) Now, let's review de novo the part of the R&R that Plaintiff objects to—dismissal of her § 1132(a)(3) claims and request for surcharge. (*See* Doc. 75; Doc. 73, pp. 13–18.) Defendants moved to dismiss Plaintiff's claims for equitable relief under § 1132(a)(3), arguing they're exclusively covered by § 1132(a)(1)(B). (Doc. 64, pp. 26–28.) Plaintiff says she can plead her § 1332(a)(3) claims in the alternative to her § 1132(a)(1)(B) claims. (Doc. 66, pp. 18–23.)

>Section 1132(a)(1)(B) states:
>
>A civil action my be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or clarify his rights to future benefits under the terms of the plan.

Section 1332(a)(3) states:

>A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

"[A]n ERISA plaintiff who has an adequate remedy under [§ 1132(a)(1)(B)] cannot alternatively plead and proceed under [§ 1132(a)(3)]."[2] *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003) (citation omitted). Whether a plaintiff has

---

[2] The court in *Ogden* refers to §§ 502(a)(3) and 502(a)(1)(B) of ERISA, which corresponds to §§ 1132(a)(3) and 1132(a)(1)(B) in the U.S. Code. *See Ogden*, 348 F.3d at 1285.

an adequate remedy under § 1132(a)(1)(B) does not depend on the success or failure of the claim, but whether the allegations supporting the § 1132(a)(3) claim are sufficient to state a § 1332(a)(1)(B) claim, regardless of the relief sought. *Id.*; *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004).

The allegations supporting Plaintiff's § 1132(a)(3) claims are identical to the allegations supporting Plaintiff's § 1132(a)(1)(B) claim. (*See* Doc. 55, ¶¶ 101, 105; *cf.* Doc. 55, ¶¶ 88, 96.) Magistrate Judge Irick correctly found Plaintiff's allegations state a § 1132(a)(1)(B) claim (*see* Doc. 73, pp. 5–13), so Plaintiff cannot proceed, even in the alternative, under § 1332(a)(3). *See Ogden*, 348 F.3d at 1287. Plaintiff argues this interpretation of the case law is incorrect and there is a distinction between § 1132(a)(3)(A) and § 1132(a)(3)(B).[3] (Doc. 75, pp. 8–9.) Plaintiff's arguments are unpersuasive.

Plaintiff says § 1132(a)(1)(B) only precludes a § 1132(a)(3) claim when the plaintiff seeks damages—not equitable relief.[4] (Doc. 75, pp. 10–11.) But the relief sought is irrelevant to whether § 1132(a)(1)(B) provides an adequate remedy. *See Jones*, 370 F.3d at 1073. Rather, the inquiry is limited to whether Plaintiff has a cause of action under

---

[3] Plaintiff also argues the Complaint is mischaracterized as a shotgun pleading. (Doc. 75, p. 9.) But Judge Irick does not recommend dismissing the Complaint as a shotgun pleading, so this argument is inapposite. (*See* Doc. 73, p. 16 (noting the Complaint has a "shotgun-style" as support, but not an independent basis for dismissal).)

[4] Plaintiff also argues dismissing her § 1132(a)(3) claims conflicts with Federal Rule of Civil Procedure 8, the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and a Department of Labor amicus brief. (Doc. 75, pp. 9–10, 12–13.) But the Court is bound by the Eleventh Circuit's precedent, which has interpreted *Varity* and squarely decided this issue. *See Ogden*, 348 F.3d at 1287; *Jones*, 370 F.3d at 1073.

§ 1132(a)(1)(B). *See id.* Magistrate Judge Irick was correct: setting aside the relief sought, Plaintiff's § 1132(a)(3) claims are based on the same allegations sufficient to state a § 1132(a)(1)(B) claim, so they must be dismissed. (*See* Doc. 73, p. 16; *see also* Doc. 55, ¶¶ 101, 105; *cf.* Doc. 55, ¶¶ 88, 96); *see also Stewart v. Hartford Life & Accident Ins. Co.*, No. 2:17-cv-01423-KOB, 2018 WL 3241213, at *2 (N.D. Ala. July 3, 2018). And contrary to Plaintiff's argument, established case law doesn't distinguish between § 1132(a)(3)(A) and § 1132(a)(3)(B). (Doc. 75, pp. 15–16); *see Jones*, 370 F.3d at 1073; *Ogden*, 348 F.3d at 1287. So the Court overrules Plaintiff's objection to dismissal of her § 1132(a)(3) claims.

Plaintiff concedes that if the Court dismisses her § 1132(a)(3) claims, surcharge is not an available remedy for the remaining claims (Doc. 75, p. 16), so Magistrate Judge Irick correctly dismissed the surcharge request.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 73) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Defendant New Directions Behavioral Health, L.L.C.'s Joinder in Blue Cross Blue Shield of Florida's Motion to Dismiss (Doc. 65) is **GRANTED**.

3. Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss (Doc. 64) is **GRANTED IN PART AND DENIED IN PART**:

    a. Counts III and IV of Plaintiff's First Amended Class Action Complaint (Doc. 55, ¶¶ 101–08) are **DISMISSED**.

    b. Plaintiff's request for surcharge or disgorgement (Doc. 55, p. 26) is

**DISMISSED**.

c. In all other respects, the MTD is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 1, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record